**UNITED STATES of America, Plaintiff,**

v.

**Darlene RICHMOND, Defendant.**

**No. CR–1–88–28–02.**

United States District Court,
S.D. Ohio, W.D.

July 19, 1988.

John M. DiPuccio, Cincinnati, Ohio, for plaintiff.

Richard J. Goldberg, Cincinnati, Ohio, for defendant.

## ORDER

HERMAN J. WEBER, District Judge.

This matter is before the Court upon defendant Darlene Richmond's Motion to Suppress (doc. no. 6), the Government's response thereto (doc. no. 7) and defendant's reply (doc. no. 8). A hearing was held on June 10, 1988 pursuant to which the Court makes its findings in this matter.

There is no dispute as to the validity of the search warrant. Based on information from a confidential and reliable source, state law enforcement officers obtained the warrant to search defendant Darlene Richmond's premises from a Hamilton County Municipal Judge at 9:15 A.M. on Friday, February 19, 1988. The warrant was executed at 1:30 P.M. on Monday, February 22, 1988. Two and one-half kilograms of cocaine, two firearms and other incriminating evidence was seized pursuant to the warrant.

In support of her Motion to Suppress, defendant argues that Ohio Rule of Criminal Procedure 41(C) requires that a search warrant be executed within three days of its issuance. Since the warrant was executed four and one-half hours after the

expiration of 72 hours from the moment it was issued, defendant maintains the warrant was invalid, the search unreasonable and all tangible evidence seized must be suppressed.

The Government argues that although Rule 41(C) does set out the statutory time limit for the execution of search warrants, Ohio Rule of Criminal Procedure 45 extends the time allowed in this case for the execution of the warrant since the first day should not be counted in the computation of the time allowed. Under Rule 45, the day of issuance and possibly even the weekend which intervened would be excluded, rendering the execution of the warrant valid.

In addition, the Government further argues that the search was reasonable and that the acts of the police did not amount to a constitutional violation which would require suppression in this case.

The Court determines that defendant Darlene Richmond has standing to challenge the search of her apartment because she had a subjective expectation of privacy that society is prepared to accept as reasonable which would confer standing to raise a fourth amendment to the search. *United States v. Tolbert*, 692 F.2d 1041, 1044 (6th Cir.1982), *cert. denied*, 464 U.S. 933, 104 S.Ct. 337, 78 L.Ed.2d 306 (1983).

Evidence seized which is used in a federal prosecution is admissible only if the search complied with the requirements of the fourth amendment. *Elkins v. United States*, 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed. 2d 1669 (1960). Exclusion of evidence is mandated when evidence is derived from a search and seizure which violates the reasonableness standard of the fourth amendment of the United States Constitution. *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).

The ultimate issue to be determined by this Court, therefore, is the reasonableness of the search pursuant to the requirements of the fourth amendment. In addition to noting that the Federal Rules of Criminal Procedure allow a 10–day statutory limit within which to execute a search warrant, and there is nothing in the record to indi-cate that the circumstances, related in the officer's affidavit affording probable cause for the issuance of the search warrant, changed before it was executed, the Court finds that the delay in the execution of the search warrant did not render the search unreasonable nor did it constitutionally prejudice the defendant.

As the Court has determined that the search was reasonable, it need not reach the question of whether Ohio Rule of Criminal Procedure Rule 45 extends the time in which a search warrant must be executed under Rule 41(C).

For the reasons stated above, defendant Darlene Richmond's Motion to Suppress and joined in by co-defendant Duane Richmond is DENIED.

IT IS SO ORDERED.