OPINION
On January 20, 1999, Judge Robert G. Lavery of the Alliance Municipal Court issued a search warrant for a residence located at 745 South Liberty in Alliance, Ohio. The warrant was executed on January 25, 1999. As a result, appellant, Andre White, was arrested and charged with possession of cocaine in violation of R.C. 2925.11(A). The Stark County Grand Jury indicted appellant on said charge on February 26, 1999. On April 1, 1999, appellant filed two motions to suppress claiming the search warrant was not executed in a timely manner and the "all persons" language in the search warrant was insufficient. A hearing was held on April 16, 1999. At the conclusion of the hearing, the trial court denied said motions. The decision was journalized via judgment entry filed on April 23, 1999. On April 16, 1999, appellant pled no contest. By judgment entry filed April 23, 1999, the trial court found appellant guilty and sentenced him to four years in prison. Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT IN DENYING HIS MOTION TO SUPPRESS DUE TO THE DEFICIENCIES IN THE SEARCH WARRANT, THEREBY VIOLATING HIS FOURTH AMENDMENT CONSTITUTIONAL RIGHTS.
 I
Appellant claims the trial court erred in denying his motion to suppress. We disagree. There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 486; State v. Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93; State v. Claytor (1993), 85 Ohio App.3d 623; Guysinger. As the United States Supreme Court held in Ornelas v. U.S. (1996),116 S.Ct. 1657, 1663, ". . . as general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." Appellant's motion to suppress was two-pronged. First, appellant argued a violation of Crim.R. 41(C) because the search warrant was issued five days before it was executed. Crim.R. 41(C) states as follows:
 A warrant shall issue under this rule only on an affidavit or affidavits sworn to before a judge of a court of record and establishing the grounds for issuing the warrant. The affidavit shall name or describe the person to be searched or particularly describe the place to be searched, name or describe the property to be searched for and seized, state substantially the offense in relation thereto, and state the factual basis for the affiant's belief that such property is there located. If the judge is satisfied that probable cause for the search exists, he shall issue a warrant identifying the property and naming or describing the person or place to be searched.
* * *
 The warrant shall be directed to a law enforcement officer. It shall command the officer to search, within three days, the person or place named for the property specified. The warrant shall be served in the daytime, unless the issuing court, by appropriate provision in the warrant, and for reasonable cause shown, authorizes its execution at times other than daytime. The warrant shall designate a judge to whom it shall be returned.
(Emphasis added.)
Crim.R. 45(A) governs the computation of time and states as follows:
 In computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order of court, or by any applicable statute, the date of the act or event from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day which is not Saturday, Sunday, or legal holiday. When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in computation.
The search warrant was signed on Wednesday, January 20, 1999, and executed on Monday, January 25, 1999, at 1:03 a.m. If Saturday and Sunday do not count per Crim.R. 45(A), then the search warrant was executed within time. In examining this area of the law, the Federal District Court for the Southern District of Ohio, Western Division, noted the issue is whether the probable cause for the issuance of the search warrant changed before it was executed. See, United States v. Richmond (1988), 694 F. Supp. 1310. Upon review, we find there was no change in the probable cause with the passage of less than two extra days. There were numerous complaints from patrol officers about activity at the residence. T. at 10. Police officers personally conducted surveillance at the residence and observed "short stay traffic" and persons who were either convicted or known drug users. T. at 11. The residence was located in a high drug activity area. Id. A controlled buy was conducted at the residence twenty-four hours prior to the signing of the search warrant. T. at 14. Based upon Crim.R. 45(A) and the fact that there was long term observation of drug activity at the residence making it unlikely that probable cause diminished, we find the search warrant was timely executed. Appellant also argued the "all persons" language of the search warrant was too broad and there was no reasonable belief that the persons present would be involved in criminal activity or would be armed and dangerous. Ybarra v. Illinois (1979), 444 U.S. 85. The Supreme Court of Ohio has accepted "all persons" search warrants via State v. Kinney (1998), 83 Ohio St.3d 85, syllabus:
 A search warrant authorizing the search of `all persons' on a particular premises does not violate the Fourth Amendment requirement of particularity if the supporting affidavit shows probable cause that every individual on the subject premises will be in possession of, at the time of the search, evidence of the kind sought in the warrant.
In explaining the particular granting of an "all persons" search warrant, Justice Lundberg Stratton in Kinney at 95 cited the following from People v. Nieves (1975), 36 N.Y.2d 396, 404-405,369 N.Y.S.2d 50, 60-61, 330 N.E.2d 26, 34:
 `In determining the reasonableness of a particular warrant application, it is appropriate to consider the necessity for this type of search, that is, the nature and importance of the crime suspected, the purpose of the search and the difficulty of a more specific description of the persons to be searched. The risk that an innocent person may be swept up in a dragnet and searched must be carefully weighed.'
Applying Kinney to the facts sub judice, we find probable cause substantiated by the continued traffic at the residence by convicted and known drug users, the controlled drug buy inside the residence and the residence's location in a high drug activity area. Also, the search warrant was executed at night and there was testimony that there is a great likelihood of the presence of weapons in drug sale residences. T. at 15. Based upon the above facts, we conclude there was sufficient evidence to establish probable cause that there were numerous convicted and known drug users and the likelihood of weapons in the residence. The trial court did not err in denying the motion to suppress. The sole assignment of error is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By FARMER, J. GWIN, P.J. and HOFFMAN, J., concur.